# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **MYONIA KNOX,** and **JASMINE LYMAN,** and **J'MIL JACKSON,** Plaintiffs, vs. **ME 2 YOU ACADEMY OF PHLEBOTOMY LLC,** *Serve Registered Agent:* Chickoiyah Brown 445 E. Minor Dr. Kansas City, MO 64131 and **EXAMINETICS, INC.,** *Serve Registered Agent:* Examinetics, Inc. 10561 Barkley Place Suite 400 Overland Park, KS 66212 Defendants. | Case No.: REQUEST FOR JURY TRIAL |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Myonia Knox, Jasmine Lyman, and J'Mil Jackson (collectively "Plaintiffs"), by and through their attorneys, and bring this Complaint for Damages against Defendants Me 2 You Academy of Phlebotomy LLC and Examinetics, Inc. (collectively "Defendants"), and allege and state as follows:

**Parties and Jurisdiction**

1. Plaintiff Myonia Knox ("Plaintiff Knox") is a citizen of the United States, residing in Kansas City, Jackson County, Missouri.

2. Plaintiff Jasmine Lyman ("Plaintiff Lyman") is a citizen of the United States, residing in Kansas City, Jackson County, Missouri.

3. Plaintiff J'Mil Jackson ("Plaintiff Jackson") is a citizen of the United States, residing in Independence, Jackson County, Missouri.

4. Defendant Me 2 You Academy of Phlebotomy LLC ("Defendant Me 2 You") is and was at all relevant times a limited liability company organized under the laws of Missouri, with its principal place of business in Grandview, Jackson County, Missouri.

5. Defendant Me 2 You conducts substantial and continuous business and has substantial and continuous contacts with the State of Missouri.

6. Defendant Examinetics, Inc. ("Defendant Examinetics") is and was at all relevant times a corporation organized under the laws of Kansas, with its principal place of business in Overland Park, Johnson County, Kansas.

7. Defendant Examinetics conducts substantial and continuous business and has substantial and continuous contacts with the State of Missouri.

8. Defendants were joint and/or single employers of Plaintiffs with substantial interrelation of operations, and common ownership and/or financial control.

9. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Missouri Western Division.

10. Jurisdiction and venue are proper in the Western District of Missouri Western Division pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. §1391(b).

## Jurisdiction and Venue

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

12. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business within this District.

13. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these state law claims are so related to the FLSA claims that they form part of the same case or controversy.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conduct business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri.

15. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the Western District of Missouri.

16. At all relevant times, Defendants have been "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

17. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

18. At all relevant times, Plaintiffs were engaged in commerce and/or worked for Defendants.

## General Allegations Common to All Counts

19. Defendant Me 2 You contracts with Defendant Examinetics to place employees hired by Defendant Me 2 You to work for Defendant Examinetics.

20. Plaintiff Knox and Plaintiff Lyman were hired by Defendant Me 2 You in approximately late April 2022 or early May 2022, and placed to work for Defendant Examinetics in approximately early May 2022 as Occupational Health Specialists.

21. Plaintiff Knox and Plaintiff Lyman were not required to have any particular qualifications, degrees, licenses, or work experience to be hired for their positions.

22. After Plaintiff Knox and Plaintiff Lyman were hired by Defendant Me 2 You, they were required to complete several days of training with Defendant Examinetics in approximately early May 2022.

23. The training Plaintiff Knox and Plaintiff Lyman attended was conducted by Defendant Examinetics at its office, and at the end of the training, Plaintiff Knox and Plaintiff Lyman were required to take a test and receive scores above 80% to proceed with working for Defendant Examinetics.

24. After Plaintiff Knox and Plaintiff Lyman completed their training and passed their tests, they began working for Defendant Examinetics.

25. When Plaintiff Knox first started working for Defendants, she still had another job, so she asked Defendant Me 2 You's Owner Chicoiyah Brown ("Owner Brown") if the job with Defendants was a temp to hire or permanent job.

26. Owner Brown said it was a permanent job, and Plaintiff Knox would have constant work.

27. Owner Brown also told Plaintiff Lyman that the job was permanent and she would have constant work.

28. Plaintiff Jackson was hired by Defendant Me 2 You in approximately October 2021, and placed to work for Defendant Examinetics on or about October 20, 2021, as an Occupational Health Specialist.

29. Plaintiff Jackson was not required to have any particular qualifications, degrees, licenses, or work experience to be hired for her position.

30. After Plaintiff Jackson was hired by Defendant Me 2 You, she was required to complete several days of training with Defendant Examinetics in approximately October 2021.

31. The training Plaintiff Jackson attended was conducted by Defendant Examinetics at its office, and at the end of the training, Plaintiff Jackson was required to take a test and receive a score above 80% to proceed with working for Defendant Examinetics.

32. After Plaintiff Jackson completed her training and passed the test, she began working for Defendant Examinetics.

33. Plaintiff Jackson's job duties involved traveling all over the country to do fit testing for Defendant Examinetics' clients that were receiving respirator and N95 masks, as well as vision and hearing testing.

34. Plaintiff Knox and Plaintiff Lyman's job duties involved traveling to St. Louis to do fit testing for Defendant Examinetics' clients who were receiving respirator and N95 masks.

35. While working for Defendant Examinetics, Plaintiffs were supervised by Supervisor LaShaunda Jackson ("Supervisor Jackson"), an employee of Defendant Examinetics.

36. Supervisor Jackson, an employee of Defendant Examinetics, was responsible for communicating all of Plaintiffs' assignments to them.

37. Defendant Examinetics provided Plaintiffs with their weekly itineraries, which included their dates of travel, what times to leave the hotel for work each morning, and daily start and end times.

38. While working at the job sites for Defendant Examinetics, Plaintiffs were supervised by Defendant Examinetics employees that were the leads.

39. When Plaintiffs traveled for work, Defendant Examinetics provided them with equipment to perform their jobs, including rental cars, gloves, masks, intake paperwork, hot spots for internet, computers, equipment for fit testing, and uniforms.

40. Plaintiffs were also reimbursed for their travel expenses.

41. While working for Defendants, Plaintiffs typically worked eight (8) to twelve (12) hour days.

42. At the end of each workweek, Plaintiffs submitted timecards in order to be paid, and were paid on an hourly basis.

43. After Plaintiffs submitted their timecards, Defendant Examinetics would send the money for all hours worked to Defendant Me 2 You to disburse the money to Plaintiffs.

44. Although they often worked more than forty (40) hours per week, Plaintiff Knox and Plaintiff Lyman were never paid time and a half for working overtime.

45. Plaintiff Jackson was not paid for time spent traveling to the various cities she was sent to work in by Defendant Examinetics.

46. On or about June 26, 2022, Plaintiff Knox received a call from Owner Brown informing her and Plaintiff Lyman that they should not go to St. Louis the following day because Defendant Examinetics was no longer going to pay Defendant Me 2 You employees for the hours they had already worked.

47. Owner Brown then informed Plaintiff Knox that because Defendant Examinetics was not paying Defendant Me 2 You, Defendant Me 2 You would not be paying its employees, including Plaintiffs, for the hours they had worked.

48. On or about June 28, 2022, Owner Brown informed all employees, including Plaintiffs, that Defendant Examinetics was putting a "stop" on all payroll, so they would not be paid for the hours they had already worked.

49. To date, Plaintiff Knox and Plaintiff Lyman have not received any payment whatsoever for any of the work they performed, or any reimbursement for any travel expenses they incurred during the workweeks beginning on or about June 6, 2022, June 13, 2022, or June 20, 2022.

50. To date, Plaintiff Jackson has not received any payment whatsoever for any of the work she performed, or any reimbursement for any travel expenses she incurred during the workweek beginning on or about June 13, 2022.

## COUNT I – FLSA CLAIM
**(All Plaintiffs against all Defendants)**

51. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

52. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

53. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

54. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

55. Defendants provide occupational health services to clients located all over the country, including, but not limited to, Missouri and Kansas.

56. Defendants have an annual gross volume of business in excess of $500,000.

57. Defendants are enterprises acting "for a common business purpose" running a workforce health services company.

58. Plaintiffs engaged in commerce.

59. Plaintiffs provided services for Defendants' customers who resided in Missouri.

60. At all relevant times to this action, Defendants were the "employer[s]" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

61. At all relevant times to this action, Plaintiffs were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

62. At all relevant times to this action, Defendants misclassified Plaintiffs as independent contractors.

63. Plaintiffs were covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiffs must be paid minimum wage in accordance with 29 U.S.C. § 206.

64. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a).

65. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) apply here.

66. Defendants violated the FLSA by failing to pay Plaintiffs for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

67. Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

68. Plaintiff Knox and Plaintiff Lyman are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of this Complaint, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

69. Plaintiff Jackson is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

70. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff Knox and Plaintiff Lyman are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

71. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff Jackson is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or

with reasonable grounds in failing to pay minimum wage, Plaintiff Jackson is entitled to an award of prejudgment interest at the applicable legal rate.

72. Plaintiff Knox and Plaintiff Lyman seek damages in the amount of all respective unpaid minimum wage for all hours worked and overtime premium pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

73. Plaintiff Jackson seeks damages in the amount of all unpaid minimum wage for all hours worked, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

74. Plaintiffs seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for relief as follows: (a) An award of damages for unpaid minimum wage and overtime wages due for Plaintiff Knox and Plaintiff Lyman; (b) An award of damages for unpaid minimum wage due for Plaintiff Jackson; (c) An award of liquidated damages, to be paid by Defendants; (d) An award of pre-judgment and post-judgment interest, as provided by law; (e) An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and (f) Any and all such other and further relief as the Court deems necessary, just and proper.

## COUNT II – FAILURE TO PAY MINIMUM WAGE
**(All Plaintiffs against all Defendants)**

75. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

76. At all times relevant herein, Plaintiffs were entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500 *et seq*.

77. Defendants are employers as defined by Mo. Rev. Stat. § 290.500(4), and Plaintiffs are employees as defined by Mo. Rev. Stat. § 290.500(3).

78. At all relevant times to this action, Defendants misclassified Plaintiffs as independent contractors.

79. Due to the non-exempt job positions Plaintiffs held with Defendants, Plaintiffs were entitled to receive the state-mandated minimum wage for all work they performed each workweek.

80. Defendants failed to pay Plaintiffs at the rate of the state-mandated minimum wage for all hours they worked in each workweek.

81. Plaintiffs are entitled to damages equal to the amount of unpaid minimum wages for all hours they worked within the two (2) years preceding the filing of this Complaint because Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited.

82. Defendants know or should know the proper rate of pay for Plaintiffs as all persons are presumed to know and are bound to take notice of general public laws of the country or state where they reside as well as the legal effect of their acts. As a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above, pursuant to Mo. Rev. Stat. § 290.527.

83. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiffs are also entitled to recover reasonable attorneys' fees and costs from Defendants.

WHEREFORE, Plaintiffs pray for relief as follows: (a) An award of damages for unpaid wages due for Plaintiffs; (b) An award of liquidated damages, to be paid by Defendants; (c) An award of pre-judgment and post-judgment interest, as provided by law; (d) An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and (e) Any and all such other and further relief as the Court deems necessary, just and proper.

### COUNT III – UNJUST ENRICHMENT
**(All Plaintiffs against all Defendants)**

84. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

85. Plaintiffs conferred a benefit on Defendants by completing work on their behalf and Defendants appreciated the benefits of Plaintiffs' work on their behalf.

86. Defendants accepted and retained the benefit of Plaintiffs' work on their behalf under circumstances that were inequitable or unjust in that Defendants agreed to pay Plaintiffs for the work that they performed, but did not.

87. Defendants intentionally refused to pay Plaintiffs at the proper rate for all hours worked.

88. Defendants were aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

89. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as follows: (a) Order Defendants to disgorge the value of their ill-gained benefits to Plaintiffs; (b) An award of pre-judgment and post-judgment interest as provided by law; and (c) For such other orders and further relief, including an award of costs and attorneys' fees, as this Court deems just and equitable.

## COUNT IV – BREACH OF CONTRACT
### (All Plaintiffs against all Defendants)

90. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

91. An employment agreement existed between Plaintiffs and Defendants, the terms and conditions of which included a requirement for employees to perform services for Defendants and an agreement by Defendants to pay Plaintiffs for all work performed and for all travel expenses.

92. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiffs have performed all conditions precedent, if any, required of Plaintiffs under their employment agreements.

93. Defendants failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreements by failing to compensate Plaintiffs for all time worked on behalf of Defendants and for all travel expenses.

94. Plaintiffs were thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for relief as follows: (a) An award of compensatory damages; (b) An award of pre-judgment and post-judgment interest as provided by law; and (c) For such other orders and further relief, including an award of costs and attorneys' fees, as this Court deems just and equitable.

## COUNT V – FAILURE TO PAY EARNED WAGES AND OVERTIME
### (All Plaintiffs against Defendant Examinetics)

95. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

96. At all times relevant herein, Plaintiffs were entitled to the rights, protections, and benefits provided under K.S.A. § 44-312 *et seq*.

97. Defendant Examinetics is an employer as defined by K.S.A. § 44-313(a), and Plaintiffs are employees as defined by K.S.A. § 44-313(b).

98. At all relevant times to this action, Defendants misclassified Plaintiffs as independent contractors.

99. K.S.A. § 44-314(a) requires employers to pay all wages due to employees at least once during each calendar month on regular paydays.

100. Due to the nature of Plaintiffs' jobs with Defendant Examinetics, Plaintiffs were entitled to be paid wages for all work performed for Defendant Examinetics.

101. K.S.A. § 44-317 provides that whenever any person responsible pursuant to a contract for the performance of any work has subcontracted the performance of all or any part of such work, such responsible person shall be civilly liable to the employees of the subcontractor for wages due on account of the performance of work covered by the contract if the subcontractor fails to pay such wages.

102. Defendant Examinetics subcontracted to Defendant Me 2 You the responsibility to pay Plaintiffs for all hours worked. Because Defendant Me 2 You failed to pay Plaintiffs for all hours worked, Defendant Examinetics is civilly liable to Plaintiffs for their unpaid wages.

103. Defendant Examinetics failed to pay wages to Plaintiffs for all work performed for Defendant Examinetics.

104. Plaintiffs are entitled to damages equal to the amount of unpaid wages within the two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, because

Defendant Examinetics acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited.

105. Plaintiffs are entitled to recover a penalty in the fixed amount of one percent (1%) of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the eighth day after the day upon which payment was required or in an amount equal to one-hundred percent (100%) of the unpaid wages.

WHEREFORE, Plaintiffs pray for relief as follows: (a) An award of damages for unpaid wages due for Plaintiffs; (b) An award of liquidated damages, to be paid by Defendant Examinetics; (c) An award of pre-judgment and post-judgment interest, as provided by law; (d) An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and (e) Any and all such other and further relief as the Court deems necessary, just and proper.

## Demand for Jury Trial and Designation of Place of Trial

Plaintiffs request a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By: */s/* Lauren H. Beck
M. Katherine Paulus   MO 60217
m.paulus@cornerstonefirm.com
Lauren H. Beck       MO 72724
l.beck@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone           (816) 581-4040
Facsimile           (816) 741-8889
**ATTORNEYS FOR PLAINTIFF**